UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  24-cv-80239-ROSENBERG/REINHART

IRENE GODONOU,

               Plaintiff,

vs.

ALLIED TRANSPORTATION GROUP LLC, AND
SSA ENT, LLC.,

               Defendants.

_____/

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [ECF No.37]

Plaintiff, Irene Godonou, moves for attorneys' fees and costs under the Carmack Amendment following Judge Rosenberg's entry of final judgment in Plaintiff's favor. ECF Nos. 35, 36. Defendant SSA ENT, LLC has not responded to the Motion and the time for a response has expired. I have reviewed Plaintiff's Motion, the accompanying affidavits, and his Notice of Good Cause. ECF Nos. 37, 38, 41. For the reasons that follow, I recommend Plaintiff's Motion for Attorneys' Fees and Costs be granted in part and denied in part.[1]

---

[1] Judge Rosenberg referred this Motion for "appropriate disposition." ECF No. 30. I submit my findings in a Report and Recommendation as required by Federal Rules of Civil Procedure 54(d)(2)(D) and 72(b).

## I.     LEGAL PRINCIPLES

The well-established "American Rule," on fees provides that "each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary." *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983); *see also, e.g., Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 253 (2010) (discussing "the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise"). The Carmack Amendment permits fees under 28 U.S.C. § 14708(d):

> **Attorney's fees to shippers.** In any court action to resolve a dispute between a shipper of household goods and a carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 concerning the transportation of household goods by such carrier, the shipper shall be awarded reasonable attorney's fees if--
>
> (1) the shipper submits a claim to the carrier within 120 days after the date the shipment is delivered or the date the delivery is scheduled, whichever is later;
> (2) the shipper prevails in such court action; and
> (3)(A) the shipper was not advised by the carrier during the claim settlement process that a dispute settlement program was available to resolve the dispute;
> (B) a decision resolving the dispute was not rendered through arbitration under this section within the period provided under subsection (b)(8) of this section or an extension of such period under such subsection; or
> (C) the court proceeding is to enforce a decision rendered through arbitration under this section and is instituted after the period for performance under such decision has elapsed.

28 U.S.C. § 14708(d).

There is no dispute (1) Plaintiff is a shipper, (2) SSA ENT, LLC is a carrier, (3) the goods in question are household goods, and (4) Plaintiff prevailed against SSA ENT, LLC. ECF Nos. 18, 36, 37. For purposes of entitlement to attorneys' fees, Plaintiff says he submitted multiple claims within the statutory period under section 14708(d) and that the signature on the bill of lading (which outlines the dispute resolution process) is not his. ECF Nos. 18, 36. SSA ENT, LLC did not oppose the Motion and therefore it concedes Plaintiff's arguments. *See Jones v. Bank of Am., N.A.,* 564 Fed. Appx. 432, 434 (11th Cir.2014) (holding "[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed. ... [W]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.")

Even though the Defendant has not objected to the amount of fees and costs requested, I am nevertheless obligated to conduct an independent analysis to ensure that the attorney's fees sought are reasonable. *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

In calculating attorney fee awards, courts use the lodestar method, where a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *Barnes*, 168 F.3d at 427 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for

the results obtained. *Barnes*, 168 F.3d at 427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).[2]

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

The Court must consider "what a reasonable, paying client would be willing to pay," bearing in mind "all of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees," including the *Johnson* factors. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively") (emphasis in original). In addition, the Court may consider prior hourly rates awarded to other attorneys of similar experience in the community and the Court's

---

[2] Some of the factors courts should consider in computing the lodestar amount are (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, as well as the requisite skill level; (2) the fee customarily charged in the locality for comparable legal services; (3) the significance of the matter, the amount involved, and the results obtained; and (4) the experience, reputation, and ability of the lawyer. See *Wachovia Bank v. Tien*, No. 04-20834, 2015 WL 10911506, at 1 (S.D. Fla. Apr. 7, 2015) (citing *Johnson v. Georgia Highway Express*, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974)).

own knowledge of the rates charged by local practitioners. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."). See also *Norman*, 836 F.2d at 1303 ("[t]he court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . .").

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated,

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

168 F.3d at 427 (citations and quotations omitted). In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)).

## II.    DISCUSSION

1. <u>Attorneys' hourly rate</u>

The Plaintiff is represented by Cox Law Group out of Pennsylvania and local counsel is Reiner & Reiner PA. The firms spent a total of 79.2 hours on this case at hourly rates of $285 for Mr. Anthony Cox Jr., and $400 for Mr. David P. Reiner II, and $100–$285 for paralegals. ECF Nos. 37-1, 38-1. Mr. Reiner is the founding and managing partner of the "AV" rated firm Reiner & Renier and has almost 24 years of experience. I find that $400 is a reasonable hourly rate for counsel's time given his experience and the prevailing rates for similar lawyers in this jurisdiction. Mr. Cox Jr.'s affidavit fails to include details from which the Court can determine his reasonable hourly rate, but relying on my knowledge and experience, $285 is a reasonable rate. *See Global Horizons Inc. v. Del Monte Fresh Produce N.A., Inc*., 2009 WL 855970 (S.D.Fla. Mar. 31, 2009) (awarding hourly rates for South Florida law firm of $300–475 per hour for partners and $185–310 for associates). The paralegal rates are inconsistent, and counsel has not submitted any supplemental documentation explaining the difference in rates, or each respective paralegal's experience. It was Plaintiff's burden to supply the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate. *Barnes*, 168 F.3d at 427.  Plaintiff failed to do so. So, the paralegals' rates will be calculated at $125 for all paralegals. *See, Minden Pictures, Inc. v. SEPI Mktg. Corp.*, 22-cv-62135, 2023 WL 7490765, at *2 (S.D. Fla. Aug. 23, 2023) (finding counsel's paralegal rate of $125 to be reasonable); *see also Purcella v. Mercantile Adjustment Bureau, LLC*, No.

6

18-cv-61268, 2019 WL 6462550 at *6 (S.D. Fla. Nov. 13, 2019) (finding $125.00 is a reasonable hourly rate for paralegal).

    2.  <u>Hours Expended</u>

The attorneys' billing records indicate that they spent 79.2 hours litigating this case on behalf of the Plaintiff in approximately nine months. ECF Nos. 37-1, 38-1. During this time, the attorneys filed a complaint, a *pro hac vice* motion, an amended complaint, moved for default, and received final judgment in favor of their client against SSA ENT LLC, ECF Nos. 1, 4, 18, 34–36.

Some of the attorneys' billing entries charge excessive time for simple tasks (i.e., .1 hours for reviewing or sending emails or .20 for reviewing the docket). ECF No. 37-1 at pp. 1–6. I find this practice excessive, and those hours should be reduced by one-third. *See DaSilva v. Vozzcom, Inc.*, No. 08-80040-CIV, 2009 WL 10667450, at 7 (S.D. Fla. June 9, 2009) (citing *Denner v. Texas Dept. of Criminal Justice*, No. SA-05-CA-184-XR, 2007 WL 294191, at 3 (W.D. Tex. Jan. 29, 2007) ("[C]ourt found attorney billed an excessive amount of time for reviewing emails, where she appeared to have billed .1 hour for each email she read."); *Alexandre v. Millenia Hous. Mgmt., Ltd.,* No. 19-80612-CIV, 2020 WL 9458895, at *5 (S.D. Fla. Mar. 4, 2020), report and recommendation adopted, No. 19-80612-CIV, 2020 WL 9458738 (S.D. Fla. Mar. 23, 2020).

Other time entries are vague or duplicative (i.e., time entry titled "miscellaneous communication" for 3.6 hours; *compare* 6 billed hours for "review and analysis of documents provided by plaintiff to assess claim *with* 5 hours billed for

"continued review and analysis of documents necessary to assess claims"). ECF No. 38-1 at p. 2. And, without sufficient particularity, I cannot assess the time claimed for those vague or duplicative time entries. *Barnes*, 168 F.3d at 427. So, those time entries should be stricken.

Additionally, Counsel includes billing entries for the initials JMG, RSR, and EBR without an explanation of who the initials belong to and what role, if any, each person holds in the firm. ECF No. 37-1 at pp. 1–6. The hourly rate for those initials ranges from $100–160. I assume those are the paralegal billing entries based on the paralegal rates discussed in the motion. Either way, most of the billing entries corresponding to those initials are clerical in nature and should be stricken. *Tiramisu Int'l LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279 (S.D. Fla. 2010).

The attorneys' hours should be reduced to a total of 50 hours for Mr. Cox and 2.7 for Mr. Reiner.[3] The paralegal hours should be reduced to 14.70.[4] Counsel should be compensated for a total of 67.40 hours for a total of $14,250 for the Cox Law Group and $2,917.50 for Reiner & Reiner PA.

  3.  Plaintiff's Motion for Costs

As the prevailing party, Federal Rule of Civil Procedure Rule 54(d) permits the Plaintiff to recover costs subject to cost types permitted under 28 U.S.C. § 1920.

---

[3] This sum includes 8.6 hours stricken as vague or duplicative.

[4] This sum includes 1.9 hours stricken as clerical work and 4 hours reduced by one-third.

Plaintiff seeks reimbursement of $605 in filing fees and $45 process server fees which are taxable costs and should be awarded. 28 U.S.C. § 1920(1). But, costs incurred from "computerized legal research are not recoverable under section 1920." *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996). So, Plaintiff's request for $31.19 for "electronic legal research" should be denied.

## <u>REPORT AND RECOMMENDATION</u>

Accordingly, this Court **RECOMMENDS** that the District Court grant in part and deny in part Plaintiff's Motion for Attorneys' Fees and Costs in that Plaintiffs recover attorneys' fees in the amount of $17,167.50 and costs in the amount of $650 for a total of $17,817.50

## <u>NOTICE OF RIGHT TO OBJECT</u>

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 11th day of March 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE